UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGLAN ALVARADO MARTINEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*<br>Respondents. | Case No. 1:26-cv-05175 (VC)<br>**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 15 |

Petitioner Miglan Alvarado Martinez was arrested by ICE in February 2026 following release from state custody after completing a criminal sentence. Dkt. No. 15 ¶ 41; Dkt. No. 9-1 at 2–3. He filed this second amended petition arguing that his current detention under 8 U.S.C. § 1226(c) violates his Fifth Amendment due process rights. *See* Dkt. No. 15 ¶¶ 73–134. For the following reasons, the amended petition is GRANTED in part, and Respondents are ORDERD to provide Petitioner with a bond hearing.

## I. BACKGROUND

Petitioner is a native of Mexico who was granted legal permanent resident status in 1992. Dkt. No. 9-1 at 3. In 2003, Petitioner was convicted by the California Superior Court for second degree murder and assault on a child causing death. *Id.*; Dkt. No. 15 ¶ 28. He was sentenced to twenty-five years to life in prison. Dkt. No. 9-1 at 3; Dkt. No. 15 ¶ 29. During his time in state custody he claims that he participated in extensive rehabilitative, educational, vocational, and self-help programming. Dkt. No. 1 ¶ 31. As a result, the California Board of Parole Hearings found that Petitioner presented an overall low risk for violence and was suitable for parole. *Id.* ¶¶ 32–36. This finding was subsequently confirmed by the California Governor, and Petitioner was

set to be released in February 2026. *Id.* ¶¶ 38–41.

Petitioner was transferred directly from state to ICE custody following his release from prison. Dkt. No. 15 ¶ 41. On the day of his transfer, DHS issued him a Notice to Appear, placing him in removal proceedings, and charging him with being subject to removal under 8 U.S.C. § 1227(a)(2)(B)(i) for having "been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment." Dkt. No. 9-1 at 5. He was ordered removed by the immigration court nearly nine months later in November, 2026, and may still appeal that ruling to the Board of Immigration Appeals.

Petitioner has been detained under § 1226(c) for nearly nine months without a bond hearing. He claims that the conditions in his facility are prison-like, but has not alleged specific facts with respect to this statement. Dkt. No. 15 ¶¶ 70–71.

## II. DISCUSSION

There is no dispute that Petitioner is detained under 8 U.S.C. § 1226(c), which requires that the Government detain noncitizens who are in removal proceedings and convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(B) ("The Attorney General shall take into custody any alien who … is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title"). Instead, Petitioner alleges that his nine months of detention without a bond hearing violates his procedural and substantive due process rights under the Fifth Amendment. *See* Dkt. No. 1 ¶¶ 73–134.

Though the Supreme Court has found that § 1226(c) is facially constitutional, it has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c)(1). *See Demore v. Kim*, 538 U.S. 510, 526 (2003). But, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, district courts routinely find that unreasonably long detention periods without a bond hearing may violate the due process clause.

*See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2–4 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *6–8 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

**A. Procedural Due Process**

Courts in this Circuit have weighed the following factors to determine when prolonged detention pursuant to § 1226(c)(1) violates due process, entitling the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [him] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

The first and second factors weigh in Petitioner's favor. Petitioner has been detained for nearly nine months, which is over the amount of time the Supreme Court presumed detention would last for noncitizens detained under § 1226(c). *Demore*, 538 U.S. at 530 ("the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal"). Despite being detained for nearly nine months, Petitioner's removal proceedings are still ongoing. Indeed, the immigration court only recently issued a merits ruling, and Petitioner may still appeal his removal order to the Board of Immigration Appeals.

The third and fourth factors weigh in the Government's favor. Petitioner was in state custody for over twenty years. There is no risk that the length of his immigration detention will

exceed this lengthy sentence. Further, Petitioner was convicted for committing a serious felony offense.

The fifth factor weighs slightly in Petitioner's favor. "The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that he is entitled to a bond hearing." *Gomez v. ICE Field Off. Dir.*, No. 2:25-CV-02242-TL-TLF, 2026 WL 449536, at *5 (W.D. Wash. Jan. 27, 2026), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-CV-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026) (alterations in original). Here, Petitioner has described the conditions in the detention facility as prison-like. Dkt. No. 15 ¶¶ 70–71. Though the amended petition is slight on factual detail to support this statement, the Government has not responded to the allegation.

The sixth and seventh factors are neutral. In assessing whether a petitioner contributed to the delay, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." *Martinez*, 2019 WL 5968089, at *10 (collecting cases). The Government does not identify any steps Petitioner took in bad faith to delay his removal proceedings. Conversely, Petitioner has not identified any specific actions that the Government took which delayed Petitioner's removal proceedings.

Finally, the eighth factor is neutral as the amended petition lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

On balance, these factors weigh in Petitioner's favor. Given Petitioner's prolonged and indefinite detention without any process, he is entitled to a bond hearing.

**B. Substantive Due Process**

Courts in this district have ordered release on substantive due process grounds where the

"petitioner's present detention [was] excessive in relation to its purpose." *Sumano v. Chestnut*, No. 1:26-CV-04954-KES-CDB (HC), 2026 WL 2177112, at *7 (E.D. Cal. July 28, 2026) (ordering release where Petitioner presented unrebutted evidence that her continued detention presented a significant risk of death for both herself and her unborn fetus). Five factors are considered to assess whether detention is excessive:

> (1) the length of detention and whether it is excessive in relation to its regulatory purpose;
>
> (2) the government's contribution to any delay;
>
> (3) the evidence supporting the determination that detention is warranted to prevent flight risk or community danger;
>
> (4) whether the government interests in ensuring appearance at future proceedings and protecting the community could be protected through alternatives to detention that are less harsh; and
>
> (5) the conditions of detention and how they compare to conductions [sic] under which pretrial criminal detainees or people convicted of crimes are held.

*Doe v. Becerra*, 723 F. Supp. 3d 688, 692 (N.D. Cal. 2024).

There is not enough evidence here to make a finding that Petitioner's detention is excessive in relation to its regulatory purpose. Though Petitioner's detention is lengthy, he has not submitted evidence suggesting that the Government was the cause of this delay, or evidence of possible alternatives to detention. Nor has he provided any detail as to how the conditions in his detention facility compare to the conditions he experienced in state custody. And though the California Board of Parole Hearings determined that Petitioner was suitable for parole, this assessment does not take into consideration Petitioner's flight risk with respect to his removal proceedings. Accordingly, Petitioner's substantive due process claim is denied.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the second amended petition is GRANTED as to Petitioner's procedural due process claim. Within fourteen (14) days of this Order, or a later date upon Petitioner's request, Petitioner shall be afforded a constitutionally adequate bond hearing before

an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: November 25, 2026

VINCE CHHABRIA
United States District Judge